IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH MORRIS,<br><br>   Plaintiff,<br><br>v.<br><br>CADIA HEALTHCARE BROADMEADOW,<br><br>   Defendant. | Civil Action No.: ELH-21-1010 |

**MEMORANDUM**

On April 26, 2021, Deborah Morris, the self represented plaintiff, filed suit against defendant Cadia Healthcare Broadmeadow ("Cadia") (ECF 1), "a skilled nursing facility . . . ." *Id.* at 7. She also filed multiple exhibits. ECF 1-1. In addition, she filed a Motion to Proceed in Forma Pauperis ("IFP"). ECF 2. This Court granted the IFP motion. ECF 3.

Plaintiff invokes both federal question and diversity jurisdiction in connection with her claim that employees at the defendant nursing home facility denied her access to the facility and prevented her from visiting her ex-husband, Walter A. Roye, who is a patient there. ECF 1 at 4, 6. Plaintiff maintains that Mr. Roye asked for her assistance in securing personal possessions from his home, managing his assets, and securing additional needed medical care for him. *Id*. at 6. In order to complete these tasks, plaintiff states that on April 14, 2021, she went to Cadia, located in Middletown, Delaware, accompanied by her granddaughter and a notary public, to visit Mr. Roye and have him sign a durable power of attorney. *Id*. at 10. Plaintiff adds that she intended to deliver personal items to Mr. Roye, allow him to visit with his granddaughter, and to share in a Zoom call with their oldest daughter. *Id*. Prior to arriving at the facility, plaintiff contacted the administrator at Cadia to ensure the facility was open for visitors and on March 20, 2021, plaintiff received assurances that the facility was fully open for visitors. *Id*.

Notwithstanding the assurances plaintiff had received, she was denied entrance into Cadia by Administrator Frank Reimbold.  ECF 1 at 11.  When plaintiff demanded that Mr. Roye be brought to the front door of the building, Mr. Reimbold and his staff refused to do so.  *Id*.  Because plaintiff believed that there was no justifiable reason for not allowing her to visit Mr. Roye or to at least see him at the front door of the facility, she refused to leave the premises.  *Id*. at 12-13.  Plaintiff stood on the facility grounds until 8:00 p.m. that evening, at which time the police were called, plaintiff was removed from the property, and criminal trespass charges were filed against her.  *Id*. at 13.

Plaintiff seeks ten million dollars in damages and claims the conduct of Mr. Reimbold and other members of the staff at Cadia violated her constitutional rights.  ECF 1 at 15.  She asserts that she was denied of her "inherent, Natural and Unalienable Rights – 'Life, Liberty, and Pursuit of Happiness.'"  ECF 1 at 15.

The facility in question is a privately-owned rehabilitation hospital located in Delaware.  All of the conduct at issue occurred in Delaware.  Assuming, without deciding, that plaintiff has a viable claim against the defendant, the proper venue for the claim is in the District of Delaware, where defendant is located and the alleged wrongful conduct occurred.

Section 1391(b) of 28 U.S.C. provides:

> A civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated.

In this case, the appropriate judicial district is in Delaware.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interest of justice transfer such case to any district or division in which it could have been brought."

28 U.S.C. §1406(a).

Therefore, I shall transfer the case to the District of Delaware. An Order follows.


Date: May 4, 2021                             /s/
                                    Ellen L. Hollander
                                    United States Magistrate Judge